UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEOTHA BRADLEY,

    Plaintiff,

v.                                                   Case No. 11-CV-1006

PICK N SAVE,
JARVIS D. DINGLE, and
ANTHONY A. FEIERTAG,

    Defendants,

## ORDER

Plaintiff, Leotha Bradley, who is incarcerated at Milwaukee County Correctional Facility - South, filed a pro se complaint under 42 U.S.C. § 1983. This case is before me now on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, she can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. § 1915(a)(2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). I will grant her motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim

upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"While generally employed against government officers, the language of § 1983 authorizes its use against private individuals who exercise government power; that is, those individuals who act 'under color of state law.'" Johnson v. Larabida Children's Hospital, 372 F.3d 894, 896 (7th Cir. 2004) (citing Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 628 (7th Cir. 1999)). In Payton, the Seventh Circuit held that "a private party will be deemed to have acted under 'color of state law' when the state either (1) 'effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision;' or (2) 'delegates a public function to a private entity.'" Johnson, 372 F.3d at 896 (quoting Payton, 184 F.3d at 628).

Plaintiff asserts claims against Pick N Save and two of its employees. Although the defendants named in plaintiff's complaint perform security functions for the store, there is no indication that they were acting under the color of state law. See United States v. Shahid, 117 F.3d 322, 324 (7th Cir. 1997) (The Seventh Circuit held that a private mall security force was not a state actor, because the guards exercised no "police powers.").

Accordingly, plaintiff's complaint will be dismissed for failure to state a claim under § 1983. Therefore,

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting her appeal.

Dated at Milwaukee, Wisconsin, this 13th day of December 2011.

s/_____
LYNN ADELMAN
District Judge